UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-308(3) (ADM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | GOVERNMENT'S MOTION FOR |
| | ) | DETENTION |
| JOHN WESLEY EPPS, | ) | |
| a/k/a "King Savage", | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Benjamin Bejar, Assistant United States Attorney, hereby moves the Court, under Title 18, United States Code, Section 3142(f), to order the defendant, John Wesley Epps, detained pending trial in this matter for the reasons stated herein.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In November 2016, a grand jury returned a four-count indictment against Mr. Epps and four other defendants, alleging conspiracy and felon in possession charges committed as members of the "Hit Squad" criminal street gang in St. Paul, Minnesota. (ECF 1) Specifically, Mr. Epps is charged with conspiring with other Hit Squad gang members from at least July 2014 through November 2016 to illicitly possess firearms as felons (Count 1) and with being a felon in possession of firearms (Count 3). (ECF 1)

As provided in the Indictment, the main purpose of the Hit Squad gang was to prevent rival gang members from entering what they consider to be their "turf," which constitutes portions of the West side of St. Paul, by jointly obtaining, possessing, and using firearms and

through other criminal acts, including robberies and assaults. During the time-frame of the conspiracy, Hit Squad gang members were involved in a gang war with rival gangs including the HAM Crazy gang, which led to the shooting of several gang members on both sides of the conflict. Because of the ongoing gang war and to conduct other criminal acts, Hit Squad gang members, including Mr. Epps, conspired to illegally obtain and jointly possess firearms.

During and in furtherance of the conspiracy, Mr. Epps and several other Hit Squad gang members, in July 2014, jointly possessed a loaded Smith & Wesson .22-caliber revolver and a loaded Taurus .380-caliber semi-automatic pistol during an altercation near the Arlington Hills Recreation Center in St. Paul, Minnesota, a known HAM Crazy hangout. Additionally, in March 2015, Mr. Epps and several other Hit Squad gang members jointly possessed several firearms, including a loaded Beretta 9-millimeter semi-automatic pistol and a loaded SAR Arms 9-millimeter semi-automatic pistol during the filming of a threatening gang video, later posted on social media, targeting the HAM Crazy gang, which was recorded in the common area outside of an apartment complex in St. Paul, Minnesota. The Indictment also alleges that in August 2015, Mr. Epps and another co-defendant knowingly possessed a loaded Taurus .40-caliber semi-automatic pistol and a Ruger 9-millimeter semi-automatic pistol. The Indictment alleges fourteen firearms in total were knowingly possessed by Hit Squad gang members as felons during the conspiracy.

The district court issued arrest warrants on November 8, 2016, for Mr. Epps and his co-defendants, and all co-defendants—except Mr. Epps—were either arrested or voluntarily surrendered within a few days. Mr. Epps, however, entered fugitive status and was not arrested by the United States Marshals Service Fugitive Task Force until December 29, 2016,

following an active and extensive nearly two-months-long search. At the time of his arrest, Mr. Epps had three other active state arrest warrants from three different counties, including two felony probation violation warrants, all three of which according to the bond report remain active and outstanding.

The United States moved for detention at Mr. Epps' initial appearance on December 30, 2016.

## **ARGUMENT**

After the arrest of a person who is charged with an offense involving the possession or use of a firearm or dangerous weapon, a judicial officer must conduct a detention hearing to determine whether any condition or combination of conditions of bond will reasonably assure the appearance of the person and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f)(1)(E). The factors the judicial officer must consider are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Pretrial detention shall be ordered upon *either* (1) a showing by clear and convincing evidence that release will result in a danger to the community; *or* (2) a showing by a preponderance of the evidence that release will result in a serious risk of flight. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Considering the factors outlined in § 3142(g), the Court should grant the United States' motion for detention because there are no conditions or a combination of conditions that would reasonable assure the appearance of Mr. Epps as required or the safety of the community.

A.  The Nature and Circumstances of the Offense

As noted above, the nature and circumstances of the alleged offenses involve conspiring to jointly illicitly possess firearms by confirmed gang members to aid an ongoing gang war in St. Paul, Minnesota, which has resulted in numerous shootings and other violent crimes.  Many of these shootings have occurred in public places, leading to endangerment of innocent bystanders and the community.

B.  The Weight of the Evidence

Three of the five co-defendants have already entered guilty pleas to the conspiracy charge before the motions hearing date.  Moreover, the overt acts alleged are based on facts underlying prior state convictions.  Additionally, the United States has disclosed in discovery

the threatening gang video and other media which depicts Hit Squad gang members menacingly brandishing firearms.

   C.  The History and Characteristics of the Defendant

   According to the bond report, Mr. Epps has no verifiable employment history, no income, no assets, and no liabilities.  The authoring probation officer has been unable to verify the information provided by Mr. Epps through any collateral contact.  Mr. Epps tested positive for marijuana and admitted to illegally using prescription Xanax, a Schedule IV controlled substance, to purportedly self-medicate.

   Though only 21 years old, Mr. Epps has two 2015 felony convictions for motor vehicle theft and second-degree riot.  (Two other felony charges of vehicle theft and crime committed for benefit of a gang were dismissed as part of plea agreements.)  He also has recent misdemeanor convictions for fleeing police on foot and providing a false name and/or identification to police.  Additionally, he has a pending gross misdemeanor charge of possessing a BB-gun in public in Dakota County for which he has an active arrest warrant.

   As noted, at the time of his arrest, Mr. Epps had four active arrest warrants, including the federal arrest warrant and three warrants from three different counties—two for probation violations, including contact with known gang members, failing to enter substance abuse treatment, and failing to maintain contact with his probation officer.  Mr. Epps has failed to appear for court proceedings at least five times, including most recently November 2016.  The bond report also notes at least four probation violations, which have resulted in additional periods of incarceration.

5

Mr. Epps was a fugitive on a federal arrest warrant for nearly two months, requiring an extensive search by the United States Marshals Fugitive Task Force within the metro area. Given that his fellow co-defendants and gang members either voluntarily surrendered or were arrested within days of the Indictment's return, it is a fair and logical inference that Mr. Epps knew of the federal arrest warrant but was actively evading arrest by federal law enforcement.

D.  The Nature and Seriousness of the Danger to any Person or the Community

Given the nature of the alleged charges and the resultant shootings of gang members on both sides of the conflict—often in public places—the nature and seriousness of the danger to any person and the community cannot be overstated.  The Indictment alleges an over two-year-long conspiracy during which confirmed gang members, who are actively involved in a gang war with a rival gang, have conspired to illicitly possess firearms as felons.  Mr. Epps is alleged to have jointly possessed four different firearms.

## CONCLUSION

In sum, taking into account the § 3142 factors, the totality of the circumstances of this case, and the defendant's history, there are no conditions or combination of conditions that will reasonably assure the appearance of Mr. Epps as required or the safety of any other person and the community if Mr. Epps were to be released on bond.  The United States respectfully

requests that the Court grant its motion and order Mr. Epps detained pending the proceedings of this case.

Dated: <u>January 4, 2017</u>                                     Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Benjamin Bejar*
BY:  BENJAMIN BEJAR
Assistant United States Attorney
Attorney ID Number 351131