UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-308(5) (ADM/TNL)

UNITED STATES OF AMERICA,

       Plaintiff,

   v.                                                    **POSITION OF THE UNITED STATES**
                                          **WITH RESPECT TO SENTENCING**

KENDALL DVONTAE PRUITT,

       Defendant.

 

The probation officer has calculated a guideline range of Level 23/Category I = 46-57 months.  This range is much lower than the range contemplated by the plea agreement, which was Level 29/Category II = 97-121 months, with a 60-month statutory maximum. The difference is that the defendant's prior conviction for crime committed for the benefit of a gang unexpectedly was determined to be relevant conduct to the instant offense and so did not receive any criminal history points.  PSR ¶ 65.  Because it did not receive criminal history points, it could not be used as a predicate for enhancing the base offense level based on a prior violent felony conviction pursuant to guideline section 2K2.1(a)(4)(A).  Thus, both the total offense level and the criminal history category are lower than predicted in the plea agreement.

For the following reasons, the government seeks a sentence within the guideline range of 46-57 months.

This is not the defendant's first conviction for an offense involving gun and gang violence. He has a prior conviction in 2014, which involved pointing a firearm at other people. PSR ¶ 63.

Only seven months later, the defendant was arrested again for engaging in gang violence. This time he and several other Hit Squad gang members assaulted and began beating a 14-year-old rival gang member at a bus stop. PSR ¶ 65. This caused one of the victim's allies to open fire, trying to stop the assault. Id. One of the defendant's accomplices was wounded, and another bullet struck a passing vehicle containing an innocent woman and her children. Id.; see also Plea Agreement at page 2.

Despite these two serious, life-threatening offenses, the defendant continued his membership in the Hit Squad gang -- an organization devoted to gang warfare (Plea Agreement at 2) -- and continued to possess firearms illegally as a convicted felon.

The defendant's pattern of illegal behavior and staunch allegiance to a criminal street gang shows an incorrigibility that needs to be addressed by a sentence within the guideline range. Hopefully, the defendant will take advantage of his time in prison to learn a trade so that he can do something productive with his life when he gets out. Part of his problem up until now has been his apparent refusal to engage in any form of lawful employment. See PSR ¶ 90 (quit job after two months due to pressure from the gang). A guideline sentence also will give him time to get control of his severe drug addiction, which no doubt has been another source of his problems. See PSR ¶ 82 (marijuana addict since age 14; smoking up to 27 blunts a day).

For the foregoing reasons, the government seeks a sentence within the guideline range of 46-57 months.

Dated: March 28, 2017                        Respectfully Submitted,

                                             GREGORY G. BROOKER
                                             Acting United States Attorney

                                             s/ Jeffrey S. Paulsen

                                             BY:  JEFFREY S. PAULSEN
                                             Assistant U.S. Attorney
                                             Attorney ID No. 144332