UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR 16-308 (01) (ADM/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **POSITION OF DEFENDANT** |
| | ) | **TYVION BENSON WITH** |
| v. | ) | **RESPECT TO SENTENCING** |
| | ) | |
| TYVION WANYE BENSON, | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \*

### INTRODUCTION

Defendant Tyvion Benson, through undersigned counsel, hereby states his position with respect to sentencing factors.    Mr. Benson respectfully requests that the Court impose a sentence of 60 months with an appropriate adjustment for time already served.   A 60 month sentence is consistent with the stipulation between the parties that each would recommend that sentence, as well as being appropriate given the unique facts and circumstances of this case.

In Gall v. United States, the Supreme Court noted that in Booker it had invalidated the statutory provisions which made the Sentencing Guidelines mandatory and which directed appellate courts to apply a de novo standard of review to departures from the Guidelines. "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," but "may not presume that the Guideline range is reasonable."   Gall v. United States, 552 U.S. 38, 49-50, 128 S.Ct. 586, 596-97 (2007).   Instead, the Supreme Court has directed sentencing courts to consider all the factors enumerated in 18 U.S.C. § 3553(a), and then "make an individualized assessment based on the facts presented." *Id*.   Those factors are:

1

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed-

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established [by the Sentencing Guidelines]

(5)  any pertinent policy statement...

(6)  the need to avoid unwanted sentence disparities...; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Sentencing Guidelines "place essentially no limit on the potential factors that may warrant a departure." Koon v. United States, 518 U.S. 81, 106 (1996); see 18 U.S.C. §3661 (stating "no limitation shall be placed on the information" a court can receive and consider for purposes of imposing an appropriate sentence). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify,

2

the crime and the punishment to ensue." <u>Koon</u>, 518 U.S. at 113.   Having considered all the

relevant factors, the court is then charged with the task of imposing a sentence "sufficient, but not

greater than necessary" to accompany the statutory purposes. 18 U.S.C.§ 3553(a).

## OFFENSE LEVEL CALCULATIONS

## CRIMINAL HISTORY CATEGORY

The total of Defendant's criminal history points is 2, resulting in a criminal history

category of II.

## OFFENSE LEVEL

The probation officer has arrived at a base offense level of 28 based on a four-level

enhancement for obliterated serial number. Defendant Benson believes that the four-level

enhancement is not warranted and instead a two-level enhancement for possessing stolen firearms

is what should be used for arriving at an offense level of 26.   That offense level of 26 should be

adjusted downward three levels for acceptance of responsibility resulting in an offense level of 23.

## GUIDELINE RANGE

The Court should find with an offense level of 23, and a criminal history category II, that

this would result in a guideline range of 51 to 63 months.   However, because the authorized

maximum sentence is 60 months, the guideline range becomes 51 to 60 months.

## USSG §5G1.3

Defendant Benson also requests the Court apply the principles of USSG §5G1.3 in

fashioning a sentence appropriate for him.   Mr. Benson has been in custody continuously since

December 28, 2015 for conduct deemed part of the instant offense.   Mr. Benson requests his

sentence on the instant offense be adjusted to take into account this period he has already been incarcerated, and that the sentence for the instant offense run concurrently to the remainder of the undischarged term of imprisonment.

## PROGRAMMING OPPORTUNITIES

Defendant Benson has been serious about taking full advantage of opportunities available to him while incarcerated and intends to continue doing so to better himself and to prepare himself for a productive life upon his release. While in state custody, Mr. Benson applied for and was accepted into the Challenge Incarceration Program (C.I.P.) which is a highly-structured and intensive boot camp based out of Moose Lake. Mr. Benson reports that he was in good standing but did not complete the program only due to being moved into federal custody and housed at the Sherburne County Jail.

While at the Sherburne County Jail, Mr. Benson took advantage of the only program available to him, the Alternatives to Violence Project. Mr. Benson completed that program on February 24, 2017.

## APPROPRIATE SENTENCE

The United States has agreed to request a sentence of 60 months. Defendant respectfully requests that the Court sentence him to a sentence of 60 months. A sentence of 60 months is an appropriate sentence to provide an adequate deterrence and reflect the seriousness of the offense. Sufficient, but not greater than necessary.

Mr. Benson acknowledges that it was criminal to conspire with others to possess firearms. He has no one to blame but himself. Mr. Benson accepts responsibility for his behavior and has

already begun taking the steps to develop tools to prepare him for life after his release.

To accomplish the statutory purposes of 15 USC § 3553(a), the Defendant would request the Court sentence him to 60 months, with an appropriate adjustment for time already served for conduct part of the instant offense, with this sentence to run concurrently to the remainder of the undischarged term of imprisonment..

## UNRESOLVED OBJECTIONS

Mr. Benson continues with his objection concerning the four-level enhancement for obliterated serial number rather than a two-level enhancement for possession of stolen firearms and requests an evidentiary hearing.   However, given the Government has agreed that it will not endorse the four-level enhancement, as well as its position that there does not appear to be a factual basis for the enhancement, it is not likely that an evidentiary hearing will be necessary.

MALACKO LAW OFFICE

Dated this 17th day of April, 2017.

*s/ Richard J. Malacko*
Richard J. Malacko #184421
Attorney for Defendant Benson
7449 80th Street South
P.O. Box 135
Cottage Grove, MN 55016
651 340-0488