UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-308(3) (ADM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| JOHN WESLEY EPPS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Benjamin Bejar, Assistant United States Attorney, hereby respectfully submits its position and memorandum on sentencing. For the reasons that follow, the United States recommends a sentence of imprisonment of 57 months, the bottom of the applicable advisory Guidelines range of 57 to 60 months as contemplated by the plea agreement.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

The United States agrees with and incorporates by reference the facts from the "Offense Conduct" section of the presentence report ("PSR"), ¶¶ 10-33 and 35, as well as the facts from the Plea Agreement (ECF 143, ¶ 1). During and in furtherance of the conspiracy, the defendant jointly possessed six different firearms, including at least one stolen firearm. (PSR ¶¶ 33, 35; ECF 129, ¶ 1) The conspiracy involved over 25 firearms in total. (PSR ¶ 44; ECF 143, ¶ 7.A.)

On November 8, 2016, a grand jury returned a four-count Indictment charging the defendant and four other co-defendants with conspiracy and felon-in-possession charges

committed as members of the "Hit Squad" criminal street gang in St. Paul, Minnesota. (ECF 1)  Specifically, the grand jury charged the defendant with conspiring with other Hit Squad gang members from at least July 2014 through November 2016 to illicitly possess firearms as felons, in violation of 18 U.S.C. §§  371 and 922(g)(1), which carries a statutory maximum of five years' imprisonment (Count 1) and with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 2, 922(g)(1), and 924, which carries a statutory maximum of ten year's imprisonment (Count 3).  (ECF 1; PSR ¶¶ 1, 93)

The district court issued arrest warrants for the defendants, and all co-defendants— except the defendant—were either arrested or voluntarily surrendered within a few days. (ECF 129, ¶ 2)   The defendant, however, entered fugitive status and was not arrested by the United States Marshals Service Fugitive Task Force until December 29, 2016, following an active and extensive nearly two-months'-long search, during which the defendant was believed to be actively evading arrest.  (Id.)  At the time of his arrest, the defendant had three other active state arrest warrants from three different counties, including two felony probation violation warrants, all of which remain active and outstanding.  (Id.; PSR p. F.1; Id. ¶¶ 61, 63, 70)

On January 30, 2017, the defendant appeared with his counsel and pleaded guilty to the conspiracy charge (Count 1) of the Indictment pursuant to a written plea agreement filed with the Court.  (PSR ¶¶ 5-6; ECF 141, 143)  On April 18, 2017, the United States Probation Office issued a final PSR, finding the defendant's total offense level to be 25

and his criminal history category to be III,[1] resulting in an advisory Guidelines range of 70 to 87 months' imprisonment but with a statutory maximum of 60 months. (PSR ¶¶ 53, 67, 94)  The PSR's Guidelines calculations differed from those contemplated by the plea agreement (23/III=57-71 months) because the parties accounted for the specific offense characteristic of stolen firearms but not altered or obliterated serial numbers. (PSR ¶¶ 6, 96; Id. Add. A.1; ECF 143, ¶¶ 7.B., 11)

## ARGUMENT

In following the sentencing methodology laid out by the Supreme Court, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50. Section 3553(a) requires the Court to consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a). But a district court is not required to provide a mechanical recitation of the Section 3553(a) factors and "has wide latitude to weigh the § 3553(a) factors in each

---

[1] The PSR also determined that the defendant had a total of 5 criminal history points. (PSR ¶ 67)

case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. San-Miguel*, 634 F.3d 471, 475-76 (8th Cir. 2011).

### A.      The Guidelines Calculations

The United States objects to the calculated total offense level of 25.  (PSR Add. A.1) The PSR assessed a four-level increase because one of the firearms possessed by the defendant purportedly had an altered serial number because of scratches.  (PSR ¶ ¶ 26, 33, 35, 44, 96)  The plea agreement, however, contemplated only a two-level increase because the firearm was stolen, and the serial number, while technically "altered" by scratches, was fully readable, enabling law enforcement to trace the firearm.  (PSR ¶¶ 26, 33, 44; ECF 143, ¶ 7.B)  As such, the United States advocates for a total offense level of 23, in accord with the plea agreement, and with a criminal history category of III, resulting in an effective advisory Guidelines range of 57 to 60 months' imprisonment based on the five-year statutory maximum.  (ECF 143, ¶¶ 10, 11; USSG § 5G1.1(c)(1))  For the reasons stated herein, the United States advocates for a sentence of 57 months' imprisonment, the bottom of the applicable advisory Guidelines range as a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

### B.      The 3553(a) Factors

A consideration of the 3553(a) factors warrants a sentence of 57 months' imprisonment.

#### 1.      Nature and Circumstances of the Offense

The defendant, a felon and confirmed and admitted member of the Hit Squad criminal street gang, conspired with other felon gang members to illicitly acquire and

jointly possess and use multiple firearms to aid and further a gang war with another rival gang in St. Paul. The gang war led to the shooting of several gang members on both sides of the conflict and endangered the lives and safety of innocent bystanders and the community since many of the shootings occurred in public places. The defendant and other co-defendants acquired their firearms through, and used their firearms in, other violent criminal acts, including robberies and assaults. As noted, during and in furtherance of the conspiracy, the defendant jointly possessed at least six different firearms, including at least one stolen firearm. The defendant remained a federal fugitive and was believed to be actively evading arrest for nearly two months until the United States Marshals Service Fugitive Task Force finally arrested him at the end of December 2016, following an active and extensive search.

2.      History and Characteristics of the Defendant

The United States submits that the PSR accurately and adequately describes the defendant's criminal history, personal history, and characteristics. Notably, though only 21 years old, the defendant has two 2015 felony convictions for motor vehicle theft and second-degree riot. (Two other felony charges of vehicle theft and crime committed for benefit of a gang were dismissed as part of plea agreements.) The defendant also has recent misdemeanor convictions for fleeing police on foot and providing a false name and/or identification to police. Additionally, he has a pending state gross misdemeanor charge of possessing a BB-gun in public for which he has an active arrest warrant.

The defendant has little employment history, no income, no assets, and owes close to $5,000 in child support arrearage. According to the bond report, the defendant tested

5

positive for marijuana and admitted to illegally using prescription Xanax, a Schedule IV controlled substance, to purportedly self-medicate.

As noted, at the time of his arrest, the defendant had four active arrest warrants, including the federal arrest warrant and three warrants from three different counties (which remain active)—two for probation violations, including contact with known gang members, failing to enter substance-abuse treatment, and failing to maintain contact with his probation officer.  Additionally, the defendant has failed to appear for court proceedings at least five times and incurred at least four probation violations that have resulted in additional periods of incarceration.

### 3.    Needs of Sentencing and Other 3553(a) Factors

A sentence of 57 months is warranted by the needs of sentencing.  While some mitigating factors exist, such as the defendant's unstable family history, the tragic death of his older sibling, and gang involvement at a young age, aggravating factors also warrant consideration such as the serious nature of the offense, the negative and harmful impact of gang violence and shootings on the community, and the apparent lack of deterrence on the defendant's commission of serious felonies. *See United States v. Medearis*, 451 F.3d 918, 921 (8th Cir. 2006) (noting that "[g]eneral deterrence . . . is one of the key purposes of sentencing").  Indeed, the defendant was on felony probation at the time of his felony offenses.  (PSR ¶ 66)  On balance, a sentence of 57 months would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public

from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants.

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 57 months' imprisonment.

Respectfully submitted,

Dated:  May 1, 2017

GREGORY G. BROOKER
Acting United States Attorney

/s/ *Benjamin Bejar*

BY:  BENJAMIN BEJAR
Assistant U.S. Attorney
Attorney ID No. 351131