UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-308(2) (ADM/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| plaintiff, | ) ) | |
| | ) ) | **DEFENDANT'S SUPPLEMENTAL POSITION WITH RESPECT TO SENTENCING** |
| MICHAEL TREVINO, | ) ) | |
| defendant. | ) ) | |

Counsel for Michael Trevino submits the following as a supplement to his previously filed position with respect to sentencing.  See Ecf # 197.

A.      Guidelines application

In addition to Mr. Trevino's objection to the proposed enhancement for an obliterated serial number (¶ 52 in Revised Presentence Report (PSR)),  Mr. Trevino also objects to the loss of acceptance of responsibility adjustment and to the inclusion of obstruction of justice (¶ 48, PSR).

Following his plea and conviction for conspiracy to possess firearms by ineligible persons, Mr. Trevino was charged with wilfully failing to appear for sentencing.  See *United States v. Michael Trevino*, D. Minn. 17-CR-198 (ADM/TNL).  Mr. Trevino pled guilty to the new offense and his sentence in the new case will run consecutive to the sentence this Court imposes for his conspiracy conviction.  *See* 18 U.S.C. § 3146 (b)(2).

1

The probation officer's revised PSR maintained the four level increase for an obliterated serial number despite the government's opposition to the enhancement (Ecf # 191). The revised PSR also recommended an increase of 2 levels for obstruction (revised PSR at ¶ 57) and no recommendation for a reduction for acceptance of responsibility.

Mr. Trevino should not lose all three points for acceptance of responsibility and also be given an adjustment for obstruction of justice given the new charge brought against him for failing to appear.  This would amount to triple counting of his aberrant behavior at sentencing for the two convictions.  First, counsel for Mr. Trevino urges this Court to keep in place the acceptance of responsibility reduction as anticipated in the plea agreement.  Mr. Trevino took wholesale responsibility for his actions at the time of his plea.  Second, given the new charge and conviction based on Mr. Trevino's failure to appear at sentencing, no adjustment should be given for obstruction of justice (revised PSR at ¶ 57).  Mr. Trevino's advisory guidelines should remain at 23 (14 base offense +6 (more than 25 firearms) +2 for stolen firearms, + 4 for use of possession of firearm in a felony offense, -3 for acceptance of responsibility).  At Criminal History Category II, the advisory guideline for Mr. Trevino should be 51 - 63 months.

B.    Reasonable sentence

A reasonable sentence for Mr. Trevino's conspiracy conviction is less than the statutory maximum of 60 months.  Mr. Trevino's co-defendants all received sentences under the statutory maximum.  The revised presentence report incorrectly reports that his

codefendants' sentencings are "pending." PSR ¶¶ 3, 4, 5, 6. In actuality, Tyvion Benson received a sentence of 54 months (Ecf # 205); Kendall Pruitt was sentenced to 53 months (Ecf # 192); John Epps was sentenced to 53 months (Ecf # 216); and Damarius Gilbert was sentenced to 48 months (Ecf # 223).

Mr. Trevino was the only one of the five codefendants to be charged solely with conspiracy (Count 1). The other four codefendants were charged in substantive counts in the Indictment in addition to the conspiracy count. Ecf # 1. Notably Mr. Gilbert, who received the lowest sentence of his codefendants, violated terms of his pretrial release and halfway house rules and his bond was revoked. Ecf # 212, page 2. For each codefendant, the adjusted base offense level was either 23 or 25. Mr. Trevino, when sentenced for the offense of conviction in this case alone (16-308), should not receive a sentence beyond that of his codefendants.

A sentence of sixty months, the statutory maximum, is not warranted under the particular circumstances of this case and Mr. Trevino's participation in the conspiracy. This is particularly true since Mr. Trevino served state court sentences for all three offenses which provided the underlying factual basis for the conspiracy conviction. See Defendant's Position With Respect to Sentencing, Ecf # 191 at p.2.

## CONCLUSION

A sentence within the range of those imposed upon Mr. Trevino's codefendants (48 to 54 months) will be sufficient but not greater than necessary to meet the sentencing

goals under Title 18 United States Code 3553(a).

Dated: November 22, 2017                          Respectfully submitted,

                                                  *s/deborah ellis*
                                                  Deborah Ellis
                                                  Atty. Reg. No. 14616X
                                                  101 E. Fifth Street, Suite 2626
                                                  St. Paul, MN 55101
                                                  651-288-3554